# French Creek Township, to use of Wm. C. Pringle, *v.* Seth L. Moore.

*Settlement—Conclusiveness of—Res judicata—Estoppel—Agreement as to road taxes—Justice of peace—Evidence.*

Defendant, a taxpayer, furnished materials to the road supervisors, for which he was allowed credit on his road taxes. A dispute having arisen between himself and the supervisors, he brought suit against the township before a justice of the peace. When the parties met the justice made the following entries upon his docket: "Parties appear and settle, by defendants giving plaintiff a credit in full of all road tax assessed against the plaintiff for each and every year to this date, including the tax laid for 1892, the plaintiff to pay the costs taxed. Witnesses all agree not to

charge costs in case. This settles all matters at variance." The entry was read to the parties by the justice, and no objection was made by them. They did not, however, sign the docket. Subsequently the township sued defendant for taxes on the tax duplicate for the years 1890, 1891 and 1892. *Held,* that the written agreement of the parties on the docket of the justice was conclusive against the claim.

Not decided whether the entry upon the docket was a judgment, or a record.

Argued Oct. 9, 1894. Appeal, No. 126, Jan. T., 1894, by defendant, from judgment of C. P. Mercer Co., June T., 1893, No. 66, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Appeal from justice of peace. Before MEHARD, P. J.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was, among others, refusal of binding instruction for defendant, quoting instruction.

*W. H. Cochran* for appellant, cited : Acts of April 15, 1834, P. L. 515; April 11, 1848, § 3, P. L. 524; March 20, 1810, § 7, P. L. 213; Heagy v. Umberger, 10 S. & R. 342; Coffman v. Hampton, 2 W. & S. 387; Wallace v. Baker, 1. Bin. 610; Litle v. Henderson, 2 Yeates, 295.

*S. R. Mason,* for appellees, cited : Kaster v. Welsh, 157 Pa. 590; Converse v. Colton, 49 Pa. 346; Chase v. Bank, 56 Pa. 355; Klingensmith v. Nole, 3 P. & W. 119; Downey v. Ferry, 2 Watts, 304; Seibert v. Kline, 1 Pa. 43.

OPINION BY MR. JUSTICE DEAN, Jan. 7, 1895:

This issue involves but little law and less money; the judgment is for $19.12. We suppose the expense of paper-books and counsel fees, on each side, will foot up five times that sum.

The defendant was a resident and taxpayer of the township for some years prior to 1892, and had furnished lumber and other material to the road supervisors for repair of bridges and culverts, for the price of which he usually received credit on his road taxes. In December, 1892, Moore claimed, there was a balance due him from the township of $14.50, and requested

settlement and payment. The supervisors refused, and he entered suit against the township before John Peters, a justice of the peace. On the day of hearing, December 10, 1892, the parties appeared, the township by the road supervisors, and the justice made this entry on his docket: " Parties appear and settle, by defendants' giving plaintiff a credit in full of all road tax assessed against the plaintiff for each and every year to this date, including the tax laid for 1892, the plaintiff to pay the costs taxed. Witnesses all agree not to charge costs in case. This settles all matters at variance."

This entry was read out publicly by the justice in the hearing of all the parties, and both of the supervisors read it. Then Moore paid the costs provided in the settlement, amounting to $1.05.

On March 4, 1893, the township brought suit against Moore before another justice, George J. Patton. In this suit the claim was for taxes on the tax duplicates for years 1890, 1891 and 1892, amounting to $29.60. At the hearing, both parties were represented by counsel, and twelve witnesses were sworn. The plaintiff averred that this demand had not been included in and formed no part of the settlement before Justice Peters in the December previous. The defendant alleged that it was settled in that suit. The justice gave judgment against Moore for the full amount, $29.60, and costs. Moore paid the costs, $24.31, and appealed to the common pleas. On trial there, the learned judge of the common pleas, after a most patient hearing, being of the opinion that, as the justice's docket was not a record, it was simply a question of fact for the jury, as to what was embraced in the settlement, the jury found for plaintiff, and from the judgment entered on that verdict, defendant appeals to this court, assigning for error, the refusal of the court below to instruct the jury that the settlement on the justice's docket of 10th December, 1892, was conclusive against plaintiff's claim.

It is not worth while to inquire whether this entry was a judgment, and if so, whether it imported verity; it was, at least, an agreement, by parties, too, fully competent to make it. It is clear and concise in expression, with no possible ambiguity of meaning. They say, ".This settles all matters at variance." What were the matters at variance? Moore claimed that he had overpaid his road taxes $14.50. The defendant

denied this. Both parties met to be heard and have the judgment of the justice on their dispute. When before him, they discussed the matter, exhibited accounts, and made computations; then agreed; the justice reduced their agreement to writing, and read it aloud to them; the supervisors read it for themselves; Moore paid the costs he had agreed to pay, and the parties separated. Nearly three months afterwards, the township brings this suit for the road taxes of 1890, 1891 and 1892. We turn to the settlement to see if this claim was embraced in it. It says: "Settled by defendants' giving plaintiff a credit in full of all road tax assessed against the plaintiff for each and every year to this date, including the tax laid for 1892." Thus, in the most positive and most specific terms, the debt now sued for was included in the settlement, and if that settlement be enforced, the debt is discharged.

The supervisors say, the present claim was not intended to be included, that this suit is for money tax, while the settlement embraced the work tax only. The defendant swears positively the settlement was for just what it says, that all the taxes against him at that date were settled.

In the absence of fraud or mistake, agreements will not be set aside; especially is this rule to be invoked when parties have come together, and by formal writing compromised or settled disputes, either to avoid or end litigation. That the parties did not affix their signatures, is not material; that would have been evidence of their assent, but all of them admit it was read and formally assented to by them in presence of the justice. No fraud on part of Moore is intimated; he did not draw the writing; that was done by the justice, prompted by the suggestions of the parties; no mistake in wording the agreement is suggested; it was dictated by and assented to by the parties. Why should it not be enforced? The supervisors say, now, they did not intend what the agreement says; but what did Moore intend when he surrendered his claim for his alleged balance of $14.50, and paid the costs? He says his understanding was, it was a full settlement of all taxes assessed up to date of suit, just what the agreement says. If an agreement, written in plain language, having a meaning so obvious that a child could not mistake it, can be set aside because

grown men who are parties to it, months after, say they did not understand it, it would be useless to make one.

In all this evidence, there is nothing that warrants the opening up of the settlement of this dispute by another suit and there was nothing for the jury to pass upon.

The judgment is reversed.